IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| MARY E. WADE § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No._____ |
| § | JURY DEMANDED |
| LIFETIME FITNESS PERSONAL § | |
| TRAINING, INC. § | |
| § | |
| d/b/a "LIFETIME FITNESS" § | |
| § | |
| § | |
| Defendant. § | |

## COMPLAINT

**COMES THE PLAINTIFF, MARY E. WADE**, filing this Complaint against LIFETIME FITNESS PERSONAL TRAINING, INC.  She shows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Mary E. Wade, is a citizen and resident of Shelby County, Tennessee.

2. Defendant, Lifetime Fitness, is a private employer operating in Shelby County, Tennessee where it employed the Plaintiff at 3470 Houston Levee Road, Collierville, TN 38139.

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and Title VII of the Civil Rights Act, 42 U.S.C. §2000(e). Plaintiff timely filed with the EEOC, received a Notice of Suit Rights, and has filed this lawsuit within the requisite ninety (90) days thereafter.

4. Venue in this Western District of Tennessee, Western Division, is proper pursuant to 28 U.S.C. §1391, because the Defendant was either doing business in this district or resides in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

## FACTUAL BASES FOR SUIT

5. Defendant employed Plaintiff as a personal trainer, beginning in May of 2009, and, subsequently, as a Membership Advisor (salesperson).

6. In July of 2009, Plaintiff reported that she experienced sexual and gender harassment in the workplace to company officials. She reported activity of a sexist and humiliating nature, including a male manager placing an email about Plaintiff stating "I am a retard" on a big screen television, then engaging in a sexual humping motion while stating he would "whore himself out." Initially, Defendant's general manager advised Plaintiff that the company did not have formal policies and procedures for handling sexual harassment. However, Plaintiff conducted her own research and made a report to corporate-level human resources.

7. Corporate human resources investigated and verified much of the harassment. However, it did not take measures to preclude foreseeable retaliation against Plaintiff.

8. After Plaintiff's report, Defendant began a pattern of retaliating against Plaintiff for the remainder of 2009 and into 2010. This included both subtle and more overt actions, including, *inter alia*:

   a. Threatening things will be "worse for going to HR";

   b. Orchestrating "make her life hard" to employees;

   c. Intimidating acts and gestures and excessive work;

   d. Taking clients away from Plaintiff;

   e. Denying salary or commissions due Plaintiff, including through an "Artistry Club";

   f. Denying Plaintiff promotional opportunities, including assistant sales positions and head of sales position (denying an interview and, then, denying her the position itself);

   g. Entering a contracting with Plaintiff to manage the "Big 16 Bike Ride" through paid commissions. Defendant proposed this contingency contract rather than to pay an up front $5,000 outside quote offered to Defendant. Plaintiff performed, but then Defendant refused to honor the commissions when they totaled approximately $18,650; and

  h. Denial of other commissions and expenses.

  8. On or about October 1, 2010, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission concerning the retaliation and hostile work environment. Additionally, Plaintiff herself advised Defendant's human resources department of the EEOC filing.

  9. Plaintiff was a top ranked sales person who made the "century club" and received other accolades. Plaintiff also obtained the highest award from Life Time Artistry club.

  10. The EEOC asked Plaintiff to obtain information at the workplace concerning the specifics of her charge, resulting in Plaintiff speaking to employees (a protected act) to support her charge.

  11. On or about October 7, 2010, Defendant terminated Plaintiff's employment. On that date, Defendant's human resources manager advised Plaintiff that she had been untruthful concerning retaliation allegations, had stirred up the workplace (by seeking to support her EEOC charge allegations), as well as made false allegations about a customer threatening her safety.

  12. Plaintiff's retaliation allegations were made in good faith, and may not be chilled through such terminations. Similarly, Plaintiff's

allegation of a customer threatening Plaintiff's safety was completely accurate and Defendant just *chose* to disbelieve Plaintiff and use this as a termination "offense."

13. In fact, Defendant's own general manager made complaints about this same customer giving the business problems for weeks and threatening the general manager. A police report was even taken out on this customer on or about October 6, 2010, and then the customer was banned from the facility.

14. Responding to the EEOC, Defendant stated it did not receive a copy of Plaintiff's written EEOC charge until after the termination. However, Plaintiff had already advised Defendant of her course of action with EEOC. Moreover, Defendant invented new reasons for the discharge including non-payment of a "café bill," which did not truthfully motivate the discharge. Such dissembling is evidence of pretext.

## CAUSES OF ACTION

15. Plaintiff brings the following causes of action against Defendant:

   A. **Title VII Retaliation; and**

   B. **Breach of Contract to Pay Commissions and Incentives (See para. 8 (g), above).**

16. As damages and relief, Plaintiff requests her lost wages (back and front), reinstatement, lost earnings from denied promotions, her denied

bonuses and incentives and commissions, compensation for the emotional harm suffered from the retaliatory acts (anxiety, worry, fear, etc), along with appropriate punitive damages. She seeks her attorneys fees and costs.

17. Plaintiff demands a jury.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 023515)
Jessica F. Salonus (TN Bar No. 28158)
101 North Highland
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jbobbitt@gilbertfirm.com
jgilbert@gilbertfirm.com
jsalonus@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF